UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAYTHEON COMPANY, )<br>)<br>Defendant, )<br>) | Civil Action No.<br>04-CV-10432RGS |

## PLAINTIFF'S ASSENTED TO MOTION TO CONSOLIDATE

The Plaintiff, Axis Surplus Insurance Company ("Axis"), pursuant to Fed.R.Civ.P.42(a) hereby moves with the assent of the Defendant, Raytheon Company ("Raytheon"), to consolidate this action with Federal Insurance Company v. Raytheon, Civil Action No. 03-CV-11800RGS ("Federal Litigation") for purposes of pretrial discovery, with each party reserving the right to request at the time of the Pre-Trial Conference that the trial of this matter be separated or consolidated. In support of the Motion, Axis states the following:

1. Consolidation is appropriate in multiple actions where two cases involve a common party as well as common issues of fact and law. Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). The cases need not be identical, nor must there be a complete overlap of factual and legal issues. Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F.Supp.2d 95, 102 (D. Mass. 2001). Motions to consolidate are usually granted where there is the requisite commonality for consolidation unless there is a showing of prejudice by the opposing party. Tingley Systems, Inc., 152 F.Supp.2d at 102, citing, Seguro De Servicio De Salud De Puerto Rico, 878 F.2d at 8.

benefit of both the Axis "Pending or Prior" exclusion and the Federal "Pending or Prior" exclusion as well as any other applicable exclusions contained within both policies. Accordingly, the Court's interpretation of Federal's "Pending or Prior" exclusion is a central issue in both cases.

6. Specifically, the issue to be decided in both this case and the Federal Litigation is whether the ERISA Litigation falls within the "Pending or Prior" exclusions.

7. This case and the Federal Litigation clearly meet the standard for consolidation under Fed. R. Civ. P. 42(a), since they involve "a common question of law or fact" and are both "pending before the court." Furthermore, both Raytheon, the Defendant in both actions, and Federal, the Plaintiff in the Federal Litigation, have assented to the Motion to Consolidate, thereby negating any possible prejudice to any party.

8. Therefore, the interests of efficiency and judicial economy dictate that these two proceedings be consolidated for all purposes. In addition, avoiding conflicting results is of particular concern in these matters because the application of Federal's "Prior or Pending" exclusion is significant to both this case and the Federal Litigation.

9. Although the Federal Litigation was filed in September, 2003, it has not proceeded to a stage of litigation where consolidation with this case would delay the resolution of the claims raised in the Federal Litigation. In fact, the Rule 16(b) Scheduling Conference in the Federal Litigation was only recently held on March 29, 2004. Raytheon's Answer is due on or before April 19, 2004 in the instant matter.

10. Consolidation of these two cases would further the interests of efficiency and judicial economy envisioned by Fed.R.Civ.P. 42(a), and would not significantly delay the resolution of the Federal Litigation given the early posture of both cases.

BOS_437438_3/WROSEBUSH

11.   Pursuant to the Court's recognition that Scheduling Order entered on March 29, 2004 was subject to a possible Motion to Extend Time by Axis following the consolidation of these matters, the parties also request that if the cases are consolidated, the Scheduling Order be modified as follows:

| | | |
|---|---|---|
| a. | Automatic Disclosures: | Served on or before 5/12/04; |
| b. | Plaintiffs' Motions for Judgment on the Pleadings: | Served on or before 5/31/04; |
| c. | Defendant's Opposition: | Served on or before 7/15/04; |
| d. | Plaintiffs' Reply Briefs: | Served on or before 7/30/04. |

All other deadlines set forth in the Scheduling Order, which are contingent on the date of the Court's ruling on the Motion for Judgment on the Pleadings, will remain the same.

WHEREFORE, Axis respectfully requests with the assent of all parties that this case, Civil Action No. 04-CV-10432RGS, and the Federal Litigation, Civil Action No. 03-CV-11800RGS, be consolidated for discovery (subject to Motions to Separate/Consolidate the Trials at the time of the Pre-Trial Conference), and that the Scheduling Order entered in the consolidated case be modified as set forth above.

BOS_437438_3/WROSEBUSH

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY<br>By its attorneys,<br><br>*/s/ Windy Rosebush/*<br>John D. Hughes BBO# 243660<br>Windy L. Rosebush BBO# 636962<br>Attorneys for the Plaintiff<br>Edwards & Angell, LLP<br>101 Federal Street<br>Boston, MA 02110<br>617-439-4444 | ASSENTED-TO<br>RAYTHEON COMPANY<br>By its attorneys,<br><br>*/s/ J. Matloff /w/auth w/r*<br>James F. Kavanaugh, Jr. BBO # 262360<br>Stephen S. Churchill BBO # 564158<br>Johanna L. Matloff BBO #655178<br>CONN, KAVANAUGH, ROSENTHAL,<br>PEISCH & FORD, L.L.P.<br>Ten Post Office Square<br>Boston, MA 02109<br>(617) 482-8200<br><br>*/s/ R. Phair /w/auth/wr*<br>Thomas D. Yannucci, P.C.<br>James P. Gillespie<br>Ryan P. Phair<br>KIRKLAND & ELLIS<br>655 15th Street, N.W., Suite 1200<br>Washington, D.C. 20005<br>(202) 879-5000 |

Date: April 9, 2004

### CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on this 9 day of April, 2004, I caused a copy of the foregoing Plaintiff's Motion to Consolidate to be served in hand upon the Defendant Raytheon Company as well as on Federal Insurance Company, the Plaintiff in <u>Federal Insurance Company v. Raytheon</u>, Civil Action No. 03-CV-11800RGS.

*/s/ Windy Rosebush/*
Windy L. Rosebush

BOS_437438_3/WROSEBUSH