IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
)
AXIS SURPLUS INSURANCE COMPANY, )
)
       Plaintiff, ) CASE NO. 1:04-CV-10432
)
v. ) Judge Richard G. Stearns
)
RAYTHEON COMPANY, ) JURY TRIAL DEMANDED
)
       Defendant. )
_____)

**DEFENDANT RAYTHEON COMPANY'S ANSWER AND JURY TRIAL DEMAND**

Defendant Raytheon Company ("Raytheon"), by its undersigned counsel, responds to Plaintiff Axis Surplus Insurance Company's ("Axis") Complaint by denying generally that Axis has no liability under SecurExcess Policy No. EBN599676 with respect to the ERISA litigation.

Raytheon responds to Axis's specific allegations as follows:

**Parties**

1. Raytheon denies that Axis is a corporation organized and existing under the laws of Illinois with its principal office in Chicago, Illinois. Raytheon was unable to find any record in Dun & Bradstreet or the Illinois Secretary of State's office that confirmed that Axis is incorporated and maintains offices in Illinois.

2. Raytheon admits that it is a corporation organized and existing under the laws of Delaware with its principal place of business in Massachusetts.

**Jurisdiction and Venue**

3. Raytheon admits that this Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332.

4. Raytheon admits that this Court has personal jurisdiction over Raytheon pursuant to Rule 4(k)(1)(A) and M.G.L. c. 223A, § 2.

5. Raytheon admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**Facts**

6. Raytheon admits the allegations contained in Paragraph 6.

7. Raytheon admits the allegations contained in Paragraph 7.

8. Raytheon denies the allegations contained in Paragraph 8, except states that the excerpted language is contained within SecurExcess Policy No. EBN599676, which speaks for itself.

9. Raytheon admits the allegations contained in Paragraph 9

10. Raytheon admits the allegations contained in Paragraph 10.

11. Raytheon admits the allegations contained in Paragraph 11.

12. Raytheon admits the allegations contained in Paragraph 12.

13. Raytheon admits the allegations contained in Paragraph 13.

14. Raytheon admits the allegations contained in Paragraph 14.

15. Raytheon denies the allegations contained in Paragraph 15, except states that the referenced allegations are contained in the Amended Complaint in the securities litigation, which speaks for itself.

16. Raytheon admits the allegations contained in Paragraph 16.

17. Raytheon admits the allegations contained in Paragraph 17.

18. Raytheon denies the allegations contained in Paragraph 18, except states that the referenced allegations are contained in the Complaint in the ERISA litigation, which speaks for itself.

19. Raytheon denies the allegations contained in Paragraph 19, except states that the securities litigation was initially instituted prior to September 15, 2000.

20. Raytheon denies the allegations contained in Paragraph 20.

21. Raytheon denies the allegations contained in Paragraph 21.

22. Raytheon denies the allegations contained in Paragraph 22.

23. Raytheon denies the allegations contained in Paragraph 23.

24. Raytheon admits the allegations contained in Paragraph 24.

25. Raytheon denies the allegations contained in Paragraph 25, except states that Axis did send Raytheon a letter denying coverage for the ERISA litigation on March 2, 2004.

## COUNT I
### (Declaratory Judgment -- Non-Coverage)

26. All of the foregoing responses are reaverred and incorporated by reference herein.

27. Raytheon denies the allegations contained in Paragraph 27.

28. Raytheon denies the allegations contained in Paragraph 28.

29. Raytheon denies the allegations contained in Paragraph 29.

### AFFIRMATIVE DEFENSES

In addition to the foregoing responses, Raytheon asserts the following affirmative defenses to the claims stated in Axis's Complaint. Raytheon does not assume the burden of proof on these defenses where the substantive law provides otherwise. In addition, Raytheon specifically reserves the right to supplement its affirmative defenses as events and further factual developments warrant.

### First Affirmative Defense

Axis's alleged claim is barred, in whole or in part, for failure to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Axis's alleged claim is barred, in whole or in part, because if any part of the ERISA litigation is covered, Axis has a duty to defend the entire matter.

**Third Affirmative Defense**

Axis's alleged claim is barred, in whole or in part, because if any part of the ERISA litigation is covered, Axis has a duty to defend that part of the litigation.

**Fourth Affirmative Defense**

Axis's alleged claim is barred, in whole or in part, because the Pending or Prior Exclusion is ambiguous and is therefore to be strictly construed against Axis.

**Fifth Affirmative Defense**

Axis's alleged claim is barred, in whole or in part, by the doctrine of estoppel.

**Sixth Affirmative Defense**

Axis's alleged claim is barred, in whole or in part, by the doctrine of laches.

**WHEREFORE**, Raytheon respectfully requests a trial by jury on all issues so triable and leave to amend to allege additional matters, defenses or counterclaims as may be warranted by discovery in this action. In addition, Raytheon respectfully requests that:

1. The Court issue a declaration of coverage for Raytheon's claim under SecurExcess Policy No. EBN599676;

2. The Court enter judgment for Raytheon dismissing the complaint in its entirety with prejudice;

3. The Court award Raytheon its attorneys' fees, costs, and expenses pursuant to M.G.L. c. 93A and other applicable statutory or common law (*see, e.g., Hanover Ins. Co. v. Golden*, 436 Mass. 584, 766 N.E.2d 838 (Mass. 2002));

4. The Court grant such other and further relief as may be just and proper.

Dated: April 30, 2004                                  Respectfully Submitted,

  /s/ Johanna Matloff_____
James F. Kavanaugh, Jr. (MA Bar # 262360)
Stephen C. Churchill (MA Bar # 564158)
Johanna L. Matloff (MA Bar # 655178)
**CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP**
Ten Post Office Square
Boston, Massachusetts 02109
Telephone:    (617) 482-8200
Facsimile:    (617) 482-6444

Thomas D. Yannucci, P.C.
James P. Gillespie
Ryan P. Phair
**KIRKLAND & ELLIS**
655 15th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

**ATTORNEYS FOR DEFENDANT, RAYTHEON COMPANY**

**LATE FILING ASSENTED-TO BY:**

**AXIS SURPLUS INSURANCE COMPANY,**
By its attorneys,


  /s/ Windy Rosebush_____
John D. Hughes (BBO No. 243660)
Windy L. Rosebush (BBO No. 636962)
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

200142.1

6