IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, | Civil Action No. 04-10432-RGS |
| Plaintiff, | CONSOLIDATED WITH<br>Civil Action No. 03-11800-RGS |
| v. | |
| RAYTHEON COMPANY, | |
| Defendant. | |

**FEDERAL INSURANCE COMPANY'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

- i -

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................ ii

I. RAYTHEON'S JUSTICIABILITY ARGUMENT HAS NO MERIT ........ 2

II. THIS CASE MAY — INDEED, MUST — BE RESOLVED ON THE
    PLEADINGS ................................................................................................ 4

III. THE PENDING OR PRIOR EXCLUSION BARS COVERAGE FOR
     THE ERISA LITIGATION .......................................................................... 8

IV. CONCLUSION ........................................................................................... 14

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

ACandS, Inc. v. Aetna Cas. and Sur. Co., 666 F.2d 819 (3d Cir. 1981) ................... 2, 3

Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227 (1937) .................... 2

American Home Ins. Co. v. Martin, 1992 WL 123132 (N.D. Ill. May 28, 1992) .......... 3

Andrade v. Aetna Life & Cas. Co., 35 Mass. App. Ct. 175, 617 N.E.2d 1015, review denied, 416 Mass. 1105, 621 N.E.2d 685 (1993) ...................................................... 5

Bensalem Township v. Int'l Surplus Lines Ins. Co., Civ. A. No. 91-5315, 1992 WL 142024 (E.D. Pa. June 15, 1992), rev'd on other grounds, 38 F.3d 1303 (3d Cir. 1994) ............................................................................................................. 8, 10

Bensalem Township v. Internat'l Surplus Lines Ins. Co., 38 F.23d 1303 (3rd Cir. 1994) ........................................................................................................................ 8

Community Foundation for Jewish Educ. v. Federal Ins. Co., No. 98 C 7680, 2000 WL 520924 (N.D. Ill. April 24, 2000), aff'd, 2001 WL 664205 (7th Cir. June 12, 2001) ...................................................................................................................... 10

David v. American Home. Assur. Co., No. 95 CIV. 10290, 1997 WL 160367 (S.D.N.Y. April 3, 1997) ........................................................................................................... 7

Gateway Group Advantage, Inc. v. McCarthy, 300 F. Supp. 2d 236 (D. Mass. 2003) ............................................................................................................................. 4, 7

GATZ Leasing Corp. v. Nat'l Union Fire Ins. Co., 64 F.3d 1112 (7th Cir. 1995) ........ 7

Home Ins. Co. v. Spectrum Info. Techs., Inc., 930 F. Supp. 825 (E.D.N.Y. 1996) ....... 6

Lexington Ins. Co. v. General Acc. Ins. Co. of America, 338 F.3d 42 (1st Cir. 2003) ............................................................................................................................. 4, 5

Mt. Airy Ins. Co. v. Greenbaum, 127 F.3d 15 (1st Cir. 1997) ................................... 13

Narath v. Executive Risk Indemnity, Inc., No. Civ. A. 01-10122, 2002 WL 924231 (D. Mass. Mar. 14, 2002) ........................................................................................ 7

Nat'l Union Fire Ins. Co. of Pittsburgh v. Willis, 139 F. Supp. 2d 827 (S.D. Tex. 2001), aff'd, 296 F.3d 336 (5th Cir. 2002) ............................................................... 8

Raytheon Co. v. Continental Cas. Co., 123 F. Supp. 2d 22 (D. Mass. 2000) ............... 4

Royal Ins. Co. of America v. Sportswear Group, LLC, 85 F. Supp. 2d 275 (S.D.N.Y. 2000) ........................................................................................................................ 8

South Shore Bank v. Stewart Title Guar. Co., 688 F. Supp. 803 (D. Mass. 1988), aff'd, 867 F.2d 607 (1st Cir. 1998) ......................................................................... 4

Valiant Ins. Co. v. Hamilton Funeral Service Centers, 926 F. Supp. 127 (W.D. Ark. 1996) .................................................................................................................... 8

Zunenshine v. Executive Risk Indem., Inc., 1999 WL 464988 (2nd Cir. 1999) ......... 10

Zunenshine v. Executive Risk Indem., Inc., No. 97 CIV. 5525, 1998 WL 483475 (S.D.N.Y. Aug. 17, 1998), aff'd, 182 F.3d 902 (2nd Cir. 1999) ............................ 6, 7

**STATE CASES**

Joseph E. Bennett Co. v. Fireman's Fund Ins. Co., 344 Mass. 99, 181 N.E. 2d 557 (1962) ...................................................................................................................... 4

ML Direct, Inc. v. TIG Specialty Ins. Co., 79 Cal. App. 4th 137 (2000) .................... 14

Owens-Corning Fiberglas Corp. v. Allstate Ins. Co., 660 N.E.2d 755 (Ohio Ct. Com. Pl. 1993) .................................................................................................................. 2

Terrio v. McDonough, 16 Mass. App. Ct. 163, 450 N.E.2d 190 (emphasis added), review denied, 90 Mass. 1102, 453 N.E.2d 1231 (Mass. 1983) ............................. 13

Federal Insurance Company ("Federal") submits this reply in support of its motion for judgment on the pleadings. Raytheon Company ("Raytheon") takes the incredible position that the parties' coverage dispute — a dispute arising from <u>Raytheon's</u> demand for coverage — is not justiciable, merely because the policy deductible has not been exhausted. That argument is baseless. The courts routinely hold that a coverage dispute is justiciable and the proper subject of declaratory judgment where, as here, the insured seeks coverage for a pending claim and the insurer disputes coverage. Raytheon's transparent ploy to avoid addressing the clear coverage issue in this case must be rejected.

Raytheon's next argument — that this case should not be decided on the pleadings — also has no merit. This case not only may but <u>must</u> be decided on the pleadings, because the only relevant considerations are the contents of the Securities and ERISA complaints and the terms of the Federal Policy. Raytheon's assertion that it needs discovery on the "proper scope" of the Pending or Prior Exclusion has no merit because Raytheon does not identify a <u>single</u> ambiguity in the exclusion — much less one that would result in coverage for Raytheon. In fact, Raytheon's argument does not even <u>quote</u> the language of the exclusion.

Raytheon fares no better when it finally gets to the merits. Indeed, Raytheon concedes — as it must — that the allegations in the ERISA Complaint "<u>draw upon factual circumstances in common with the securities action</u>." Def. Br. at 14 (emphasis added). Raytheon argues that it should nonetheless escape the clear language of the Pending or Prior Exclusion because the ERISA complaint includes

additional facts and asserts breach of fiduciary duty as a theory of liability. These arguments must be rejected. The exclusion bars coverage for "<u>any</u> **Claim** . . . <u>based upon, arising from, or in consequence of . . . the same or any substantially similar fact, circumstance or situation underlying or alleged</u>" in the prior litigation. Here, the pleadings establish that the ERISA Complaint and the Securities Complaint allege not just "<u>any</u>" but <u>numerous</u> facts, circumstances or situations that are the "same" or "substantially similar." Coverage is therefore barred as a matter of law.

**I.      RAYTHEON'S JUSTICIABILITY ARGUMENT HAS NO MERIT**

Raytheon's justiciability argument should be summarily rejected. A dispute is justiciable and the proper subject of declaratory relief if it is "definite and concrete, touching the legal relations of parties having adverse legal interests." <u>Aetna Life Ins. Co. of Hartford, Conn. v. Haworth</u>, 300 U.S. 227, 464 (1937). The courts routinely hold that a justiciable case or controversy exists where — as here — there is a dispute over the insurer's obligation to defend a pending claim. <u>See</u>, e.g., <u>ACandS, Inc. v. Aetna Cas. and Sur. Co.</u>, 666 F.2d 819, 823 (3d Cir. 1981) (citing cases); <u>Owens-Corning Fiberglas Corp. v. Allstate Ins. Co.</u>, 660 N.E.2d 755, 758 (Ohio Ct. Com. Pl. 1993) ("the pendency of an action or even the threat of an action affords a sufficient basis to permit an insurer...to invoke declaratory-judgment statutes"); <u>cf.</u> <u>Haworth</u>, 300 U.S. at 464 (holding that an insurance coverage dispute is justiciable where the insured makes a formal claim for coverage and the parties take adverse positions with respect to the claim).

Moreover, the courts specifically reject Raytheon's argument that a coverage dispute should await the outcome of events in the underlying litigation.

- 2 -

See Def. Br. at 9-10.  As the courts recognize, "an insurer is at risk from the time a suit for damages is filed [against the insured] because of the duty to defend and the duty to engage in good faith settlement negotiations."  American Home Ins. Co. v. Martin, 1992 WL 123132, *3 (N.D. Ill. May 28, 1992) (emphasis added) (citing cases).  Thus, an insurer is unquestionably entitled — indeed, encouraged — to seek a determination of noncoverage at the outset of litigation, rather than waiting until the insured or a third-party claimant makes a demand for payment under the policy.  ACandS, 666 F.2d at 823; Martin, 1992 WL 123132, *3.

Here, Raytheon admits that the ERISA Litigation is a pending, actively litigated claim, admits that it requested coverage for the ERISA Litigation under the Federal Policy and admits that it contests Federal's denial of coverage.  Def. Br. at 3-4.  In fact, Raytheon's Answer specifically asks this Court to "issue a declaration of coverage for Raytheon's claim under Executive Protection Policy No. 8151-5319."  Answer at 4 (emphasis added).  Having demanded coverage from Federal and having expressly sought a declaration of coverage in this action, Raytheon has no basis for contesting the justiciability of Federal's declaratory judgment claim.

Finally, none of the cases cited by Raytheon provides any support for its argument that Federal's claim is not justiciable.  Each of those cases involved questions as to whether disputes relating to excess coverage are justiciable.  The Federal Policy is a primary policy.  The case on which Raytheon principally relies, Raytheon Co. v. Continental Cas. Co., 123 F. Supp. 2d 22 (D. Mass. 2000), explicitly

recognizes that obvious distinction. Id. at 31 (noting that "an actual controversy exists between the two parties regarding the primary policies"). In any event, even under the cases cited by Raytheon, there is no question that defense costs or other loss incurred in connection with the ERISA Litigation are "reasonably likely" to exhaust the $500,000 deductible.

In sum, Raytheon's argument that Federal's claim is not justiciable must be rejected.

## II.   THIS CASE MAY — INDEED, MUST — BE RESOLVED ON THE PLEADINGS

Raytheon next tries to avoid addressing the clear coverage issue in this case — squarely presented on the pleadings — by arguing that "further factual development" is needed. Def. Br. at 10. That argument fails for several reasons.

First, Raytheon identifies no basis for seeking "further factual development" on "the proper scope" of the Pending or Prior Exclusion. Where an exclusion is unambiguous, "the court must 'construe the words of the policy in their usual and ordinary sense,'" Gateway Group Advantage, Inc. v. McCarthy, 300 F. Supp. 2d 236, 241 (D. Mass. 2003), and without resort to extrinsic evidence. Lexington Ins. Co. v. General Acc. Ins. Co. of America, 338 F.3d 42, 47 (1st Cir. 2003). 1/ Further:

[A]n ambiguity is not created merely because an

---

1/   See also, e.g., South Shore Bank v. Stewart Title Guar. Co., 688 F. Supp. 803, 806 (D. Mass. 1988), aff'd, 867 F.2d 607 (1st Cir. 1998); Joseph E. Bennett Co. v. Fireman's Fund Ins. Co., 344 Mass. 99, 106, 181 N.E. 2d 557, 562 (1962).

>   imaginative reader devises a way to split hairs. Nor is an insurance policy ambiguous simply because its terminology sparks a controversy between two parties, each of whom advocates an interpretation contrary to the other. . . <u>Absent a genuine issue as to meaning, there is no ambiguity.</u>

<u>Lexington Ins. Co.</u>, 338 F.3d at 47 (emphasis added). Thus, to establish that policy language is ambiguous, the insured must offer a "<u>reasonable interpretation that would advance [the insured's] cause.</u>" <u>Andrade v. Aetna Life & Cas. Co.</u>, 35 Mass. App. Ct. 175, ___, 617 N.E.2d 1015, 1017 (emphasis added), <u>review</u> <u>denied</u>, 416 Mass. 1105 , 621 N.E.2d 685 (1993).

Here, Raytheon does not offer <u>any</u> interpretation of the Pending or Prior Exclusion, much less a "reasonable" one that would affect the outcome of the parties' dispute. In fact, Raytheon's argument does not even quote the language of the exclusion. Instead, Raytheon uses various substitute terms, like "wholly derives from," "sufficiently related," "so substantially the same," and "invariably related," Def. Br. at 1, 7, 10, 16 — terms that appear nowhere in the Pending or Prior Exclusion. Here is what the exclusion <u>actually</u> says:

>   [Federal] shall not be liable for **Loss** on account of <u>any</u> **Claim** made against <u>any</u> **Insured**:
>   
>   \*   \*   \*
>   
>   <u>based upon, arising from, or in consequence of any demand, suit or other proceeding</u> pending, or order, decree or judgment entered <u>against any</u> **<u>Insured</u>**, on or prior to the Pending or Prior Date set forth in Item 7 of the Declarations for this coverage section, <u>or the same or any substantially similar fact, circumstance or situation underlying or alleged therein</u>[.]

Compl., Ex. A § 5(g) (emphasis added). Raytheon's strained effort to avoid

addressing the actual language of the policy confirms that it has no ambiguity argument — and therefore has no basis for seeking discovery on the "scope" of the exclusion.

Second, Raytheon's contention that it needs "further factual development" on "the degree of relatedness between the Securities Complaint and the ERISA Complaint," Def. Br. at 13, is unfounded. The case cited by Raytheon flatly contradicts that assertion: "<u>Where, as here, a 'pending litigation' or 'prior notice' exclusion is at issue, and there has been no judicial determination of liability in the underlying lawsuits, the insurer may rely on the facts as alleged in the complaints to demonstrate that an exclusion applies.</u>" <u>Zunenshine v. Executive Risk Indem., Inc.</u>, No. 97 CIV. 5525, 1998 WL 483475, *4 (S.D.N.Y. Aug 17, 1998) (emphasis added), <u>aff'd</u>, 182 F.3d 902 (2nd Cir. 1999). In any event, Raytheon does not even attempt to explain how discovery in this case could have any impact on the contents of the Securities Complaint or the ERISA Complaint, both of which obviously speak for themselves.

Third, the cases cited by Raytheon — none of which involves the particular language at issue here — provide no support for its effort to avoid resolving this case on the pleadings. In <u>Home Ins. Co. v. Spectrum Info. Techs., Inc.</u>, 930 F. Supp. 825 (E.D.N.Y. 1996), the court found that it could not determine whether the exclusion applied to certain actions without further information because the complaints in those actions did not "clearly identify" the factual bases for the claims. <u>Id.</u> at 849. The court in <u>David v. American Home. Assur. Co.</u>, No. 95

CIV. 10290, 1997 WL 160367 (S.D.N.Y. April 3, 1997), evidently reached the same conclusion. Id. at *3. By contrast, the Securities and ERISA Complaints at issue here spell out in great detail the specific factual bases for the causes of action asserted. Moreover, Raytheon's reliance on these cases cannot be reconciled with the express holding in Zunenshine — a holding affirmed by the Second Circuit Court of Appeals — that a prior litigation exclusion can and should be applied based on "the facts as alleged in the complaints." Zunenshine, 1998 WL 483475, *4.

Raytheon's related argument that other cases involving prior litigation exclusions were submitted on summary judgment also falls short. The mere fact that the parties in Gateway Group and Zunenshine chose to present the issue on summary judgment has no bearing on whether they could have instead presented the issue on the pleadings, and the holdings in both cases — that the prior litigation exclusions unambiguously barred coverage based on the contents of the complaints, Zunenshine, 1998 WL 483475, at *4; Gateway, 300 F. Supp. 2d 236 at 245 — make clear that they could have. 2/ Indeed, insurance coverage disputes like this one are routinely resolved on motions for judgment on the pleadings. 3/

---

2/   The order in Narath v. Executive Risk Indemnity, Inc., No. Civ. A. 01-10122, 2002 WL 924231 (D. Mass. March 14, 2002), simply granted the parties' "joint motion" to extend discovery; it said nothing whatsoever on the merits.

3/   See, e.g., GATZ Leasing Corp. v. Nat'l Union Fire Ins. Co., 64 F.3d 1112, 1114 (7th Cir. 1995); Nat'l Union Fire Ins. Co. of Pittsburgh v. Willis, 139 F. Supp. 2d 827, 835 (S.D. Tex. 2001), aff'd, 296 F.3d 336 (5th Cir. 2002); Royal Ins. Co. of America v. Sportswear Group, LLC, 85 F. Supp. 2d 275, 276 (S.D.N.Y. 2000); Valiant Ins. Co. v. Hamilton Funeral Service Centers, 926 F. Supp. 127, 128-129 (W.D. Ark. 1996).

Finally, Raytheon's argument as to <u>Bensalem Township v. Int'l Surplus Lines Ins. Co.</u>, Civ. A. No. 91-5315, 1992 WL 142024 (E.D. Pa. June 15, 1992), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 38 F.3d 1303 (3d Cir. 1994), is simply false. The decision on appeal in that case, <u>Bensalem Township v. Internat'l Surplus Lines Ins. Co.</u>, 38 F.23d 1303 (3rd Cir. 1994), held that the district court should have permitted discovery on the insured's claim that the insurer improperly <u>altered</u> the prior litigation exclusion when it renewed the policy. Contrary to Raytheon's characterization, the Third Circuit did <u>not</u> hold that discovery was required on the construction of that exclusion. Quite the opposite: the court specifically held that, if the insurer did not improperly alter the exclusion, the insurer "<u>must prevail because, in our view, the policy unambiguously excludes coverage for claims such as the one at issue here</u>." <u>Id.</u> at 1312 (emphasis added). Thus, <u>Bensalem</u> not only does not support but undermines Raytheon's argument as to the need for further factual development.

### III.   THE PENDING OR PRIOR EXCLUSION BARS COVERAGE FOR THE ERISA LITIGATION

Federal's principal brief identified a multitude of "fact[s], circumstance[s] or situation[s] underlying or alleged" in the Securities Complaint that are the "same" as or "substantially similar" to those alleged in the ERISA Complaint. Raytheon does not address <u>any</u> of them. In particular, Raytheon does not dispute that "<u>both complaints revolve around the same core allegation</u>: that, beginning in late 1998, Raytheon issued a series of materially false statements regarding its financial condition that inflated Raytheon's stock price, causing injury

- 8 -

to investors who purchased at the inflated price." Fed. Br. at 12 (emphasis added).

Raytheon also does not dispute that "<u>both complaints make essentially the same allegations regarding the particular information that Raytheon misrepresented or concealed and the circumstances surrounding the disclosure of adverse information about the company</u>." Fed. Br. at 12-13 (emphasis added). And Raytheon does not dispute that both complaints contain the "same" or "substantially similar" allegations regarding, <u>inter</u> <u>alia</u>: the improper recognition of losses, revenues, and costs at its RE&C division; the failure to disclose a shortage of skilled workers; inaccuracies in Raytheon's August 1999 10-Q and related statements; the decline of Raytheon's stock following adverse disclosures in October 1999; and misconduct in connection with the sale of Raytheon's RE&C Division. <u>See</u> Fed. Br. at 12-16.

Unable to dispute that the overwhelming majority of factual allegations in both complaints are virtually identical, Raytheon emphasizes slight differences that have no impact on the Pending or Prior Exclusion. Raytheon identifies <u>two</u> paragraphs — out of the <u>248</u> paragraphs in the Amended ERISA Complaint — which allege "breaches of fiduciary duty" that Raytheon says are not alleged in the Securities Complaint. Def. Br. at 14-15. However, allegations regarding the defendants' status as ERISA fiduciaries and the manner in which they violated their fiduciary duties are irrelevant because they relate to the theory of liability, not to the "underlying" facts, circumstances or situations. <u>See</u> <u>Community Foundation for Jewish Educ. v. Federal Ins. Co.</u>, No. 98 C 7680, 2000

- 9 -

WL 520924, (N.D. Ill. April 24, 2000) ("It is enough [under the same exclusion] to be substantially similar either in the underlying facts, underlying circumstances, or underlying situation."), aff'd, 2001 WL 664205 (7th Cir. June 12, 2001). 4/

Raytheon also points out that the ERISA Complaint class period extends beyond the end of the Securities Complaint class period. However, both class periods start on the same day — October 7, 1998 — and overlap for a full year, through October 12, 1999. In fact, Raytheon concedes that "a large number of the ERISA plaintiffs . . . were members of the class in the securities [litigation]." Def. Br. at 9. In any event, Raytheon can identify only two sets of allegations — covering a total of seven paragraphs in the 248 paragraphs of the Amended ERISA Complaint — that allegedly post-date the Securities Complaint class period: allegations regarding violations of Regulation FD and an SEC investigation. Def. Br. at 16. Given the overwhelming similarity of the vast majority of factual allegations in both complaints, the fact that the ERISA Complaint contains some additional allegations plainly does not affect application of the Pending or Prior Exclusion. 5/

---

4/   See also Zunenshine v. Executive Risk Indem., Inc., 1999 WL 464988, *2 (2nd Cir. 1999) ("it is immaterial that the two lawsuits involved different parties and somewhat different legal harms (negligent misrepresentation vs. securities fraud), because the above-quoted policy terms clearly focus on the existence of common *facts*"); Bensalem Township, 1992 WL 142024, *2 (prior litigation exclusion applies even though "the legal theories of why the acts are wrongful and what type of relief should be granted may be different").

5/   Zunenshine, 1999 WL 464988, *2 (2nd Cir. 1999).

Moreover, Raytheon's bald assertion that the "only conceivable" claim arising after October 1999 would be a "<u>purely</u> structural claim regarding the plan, <u>unrelated</u> to <u>any</u> of the allegations in the Securities Complaint," Def. Br. at 15 (emphasis added), has no merit. Raytheon cannot point to a single paragraph in the entire ERISA Complaint alleging a "<u>purely</u> structural" flaw in the plan, much less one that is "<u>unrelated</u> to <u>any</u>" of the Securities Complaint allegations. In fact, all of the counts of the complaint are expressly predicated on the <u>entire</u> set of factual allegations that precede them — allegations that are virtually identical to those of the Securities Complaint. 6/ Further, <u>all</u> of the causes of action expressly stem from the same basic theory: that Raytheon's various alleged accounting improprieties and business problems — the same improprieties and problems alleged in the Securities Complaint — rendered Raytheon stock an "imprudent" investment and were not properly disclosed. 7/ Raytheon's attempt to secure coverage by manufacturing a new, "unrelated" theory of ERISA liability — one stated nowhere in the ERISA Complaint — must be rejected. 8/

---

6/  See ERISA Compl. ¶¶ 114 ("Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein."), 120 (same), 124 (same), 128 (same), 131 (same); Am. ERISA Compl. ¶¶ 162 (same), 173 (same), 186 (same), 197 (same).

7/  See, e.g., ERISA Compl. ¶¶ 117, 123, 126, 130, 133-135; Am. ERISA Compl. ¶¶ 167, 180, 191, 193, 200, 206, 207, 208.

8/  Raytheon's argument that the Pending or Prior Exclusion might not extend to a particular cause of action in the ERISA Litigation also disregards the Federal Policy's definition of "**Claim**," which is defined in pertinent part as "<u>a civil proceeding</u> commenced by the service of a complaint or similar pleading." Compl,

Raytheon's idle speculation that the ERISA plaintiffs might try in the future to assert "claims with no nexus to the Securities Complaint," Def. Br. at 14, also does not support its position.  "An insurer has no obligation to defend when the allegations of a complaint describe with precision" the grounds for the claims asserted, and the "policy expressly excludes [those claims] from coverage."  Terrio v. McDonough, 16 Mass. App. Ct. 163, 168, 450 N.E.2d 190, 194 (emphasis added), review denied, 90 Mass. 1102, 453 N.E.2d 1231 (Mass. 1983). 9/  Thus, coverage cannot be based on the insured's assertion that "the case may undergo a metamorphosis which will bring it within the coverage of the policy."  Id., 16 Mass. App. Ct. at 167, 450 N.E.2d at 193.  Here, the ERISA Complaint "describes with precision" the specific factual allegations on which it is based, and those allegations unquestionably bring the complaint within the scope of the Pending or Prior Exclusion.

Finally, contrary to Raytheon's argument, the fact that the ERISA Complaint names new defendants in addition to those named in the Securities Complaint provides no basis for avoiding the exclusion.  The exclusion expressly extends to "any **Claim** made against any **Insured**" if the prior or pending litigation

---

Ex. A ¶ 15 (emphasis added).  Since the Pending or Prior Exclusion applies to the "**Claim**," it expressly bars coverage for the entire "civil proceeding," not just a particular cause of action.

9/   See also, e.g., Mt. Airy Ins. Co. v. Greenbaum, 127 F.3d 15, 18-19 (1st Cir. 1997) ("[t]here is . . . no duty to defend a claim that is specifically excluded from coverage").

- 13 -

was made "against <u>any</u> **Insured**." See <u>ML Direct, Inc. v. TIG Specialty Ins. Co.</u>, 79 Cal. App. 4th 137, 145-46 (2000) (holding that pending or prior exclusion applies notwithstanding the fact that the second-filed claims named new defendants); <u>Zunenshine</u>, 1999 WL 464988, *2.

In sum, the plain and unambiguous terms of the Policy establish that the Pending or Prior Exclusion bars coverage for the ERISA Litigation as a matter of law.

**IV.       CONCLUSION**

       For all the foregoing reasons, Federal respectfully requests that the Court grant its Motion for Judgment on the Pleadings and enter judgment declaring that Federal has no liability under the Policy with respect to the ERISA Litigation.

Dated: August 20, 2004         Respectfully submitted,

         CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.


/s/ Na Na Shin
Richard P. Campbell  (BBO: 071600)
Kurt B. Gerstner (BBO #190130)
Na Na C. Shin (BBO #651186)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

and

David Hensler (admitted pro hac vice)
David Newmann (admitted pro hac vice)
Ellen S. Kennedy (admitted pro hac vice)
HOGAN & HARTSON L.L.P.
555 Thirteenth St., NW
Washington, DC  20004
(202) 637-6853

Attorneys for Plaintiff
  Federal Insurance Company

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I served a true copy of the foregoing document on all parties on August 20, 2004, by mailing a copy, via first class U.S. Mail, to:

Windy L. Rosebush, Esq.
John D. Hughes, Esq.
Edwards & Angel LLP
101 Federal Street
Boston, MA 02110

James F. Kavanaugh, Jr., Esq.
Stephen S. Churchill, Esq.
Johanna L. Matloff, Esq.
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109

James Gillespie, Esq.
Ryan Phair, Esq.
Thomas Yannucci, Esq.
Kirkland & Ellis
655 Fifteenth St., N.W.
Suite 1200
Washington, DC 20005

                                        /s/ Na Na Shin
                                        Na Na Shin